## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| **JEANNE WEINSTEIN, individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)** <br><br> *Plaintiff,* <br><br> **v.** <br><br><br> **400 CORP. d/b/a The Ridge Great Steaks & Seafood, and STEPHEN CAMPBELL** <br><br> *Defendants.* | Civil No. _____ |

### COLLECTIVE ACTION COMPLAINT

Jeanne Weinstein, individually and on behalf of all others similarly situated, files this complaint against 400 Corp. d/b/a The Ridge Great Steaks & Seafood and Stephen Campbell (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

### I.    NATURE OF SUIT

1.    This is a collective action brought by Plaintiff on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b) who worked as servers for Defendants.

2.      In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

3.      Section 206 of the FLSA requires employers to compensate employees at a rate of not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m). The use of the tip credit results in a huge savings to employers who may, by utilizing the tip credit, pay employees as little as $2.13 per hour plus tips.

4.      Though, in utilizing the tip credit defense, the FLSA specifically sets forth two conditions that an employer must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully

2

administered tip pool.[1] *Id.* "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

5.    Here, Defendants have a policy or practice of paying its employee servers, including Plaintiff, subminimum hourly wages under the tip-credit provisions of the FLSA. However, Defendants failed to follow federal law and violated Section 203(m) – an affirmative defense – in that Defendants unlawfully

---

[1] *P&K Rest. Enter., LLC v. Jackson*, No. 18-10673, at *6 (11th Cir. Jan. 15, 2019) (citing *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1355 (M.D. Fla. 2016) ("If an employer fails to satisfy any of these preconditions, the employer may not claim the tip credit, regardless of whether the employee suffered actual economic harm as a result."))

failed to allow Plaintiff and Class Members to retain all of their tips.[2]

6.      Defendants' illegal practices in violation of the FLSA result in a forfeiture of the "tip credit." Consequently, Defendants are liable to Plaintiff and Class Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA.

7.      Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendants' compensation policies, Plaintiff brings this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.

## II.    PARTIES

8.      Plaintiff, Jeanne Weinstein, is an individual who was employed by Defendants from on or about March 10, 2018 until January 25, 2019. At all relevant times mentioned, Weinstein was an "employee" of Defendants as defined by the FLSA. Weinstein has consented to be a party-plaintiff to this action, as indicated by her notice of consent filed with three other consents attached as "*Exhibit A*."

9.      Putative collective members are all individuals who contributed tips to

---

[2] Whenever the term "tip" is used in this Complaint, it shall carry the definition assigned to it under 29 C.F.R. § 531.52.

a tip pool while working for The Ridge Great Steaks & Seafood during the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter ("Class Members"). Class Members will "opt in" pursuant to Section 216(b) of the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b).

10.    At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

11.    Defendant 400 Corp. dba The Ridge Great Steaks & Seafood ("The Ridge") is a limited company formed under the laws of Georgia and is doing business in the State of Georgia. The Ridge may be served with process by serving its registered agent, Bret Block, at 2060 Mt. Paran Rd., Suite 160, Atlanta, Georgia 30327.

12.    Defendant Stephen Campbell is the operator and manager of The Ridge. Campbell is individually liable as an "employer" as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Stephen Campbell may be served with process at 390 Rainbow Row Court, Alpharetta, GA 30022.

### III.    JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over this matter, which arises under federal law. Specifically, this Complaint asserts claims arising under the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

14.    This Court has personal jurisdiction over Defendants because The Ridge and Mr. Campbell are doing business in Georgia, and employing Georgia residents, including Plaintiff, to work at The Ridge located in Cumming, Georgia.

15.    Venue is proper in the Northern District of Georgia under 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claims asserted occurred at The Ridge, located in Cumming, Forsyth County, Georgia, which is located in the Northern District of Georgia and the Gainesville division.

## IV.    COVERAGE UNDER THE FLSA

16.    At all relevant times, Defendants have each, individually and jointly, been an "employer" with respect to Plaintiff and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.    At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

18.    Specifically, as the manager and operator of The Ridge, Campbell controls the day-to-day decisions of the restaurant by making strategic, operational and policy decisions, and exerting operational control over The Ridge. Moreover,

Campbell has the power to hire and fire The Ridge's employees, discipline employees, create and enforce employee policies, and set employee compensation. Furthermore, Campbell was responsible for enforcing The Ridge's policy that resulted in The Ridge retaining a portion of Plaintiff and Class Members' tips in violation of the FLSA. Therefore, Campbell is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.    At all relevant times, The Ridge has been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that The Ridge has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating a restaurant where Plaintiff and Class Members were employed to work as servers.

20.    At all relevant times, The Ridge has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

7

21.    At all relevant times during their employment by Defendants, Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993). Specifically, as part of their employment, Plaintiff and Class Members regularly handled food and other food service items that traveled in interstate commerce, served customers who were traveling from out-of-state or across interstate lines, and processed interstate credit card transactions.

## V.    FACTS

22.    Defendants operate a restaurant located in Cumming Georgia commonly known as The Ridge Great Steaks & Seafood.

23.    During their employment by Defendants, Plaintiff and Class Members handled and sold food and beverages that had moved in interstate commerce as defined by 29 U.S.C. § 203(b). Plaintiff and Class Members also regularly handled credit card transactions involving institutions located across interstate lines.

24.    At all times relevant, Plaintiff and Class Members were Defendants' "employees" as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

25.     As part of the payment scheme that Defendants used to compensate Plaintiff and Class Members, Defendants paid Plaintiff and Class Members a subminimum hourly wage and purported to utilize the tip credit against the payment of the full minimum wage. The use of the tip credit results in huge savings to Defendants because Defendants only compensate Plaintiff and Class Members at the significantly reduced hourly wage of $2.15 with the balance of their wages coming directly from customers in the form of tips.

26.     For instance, during the three-year period preceding the filing of this lawsuit, Defendants employed Plaintiff and paid her $2.15 per hour to work as a server. Defendants then purported to rely on the tips Plaintiff earned by a $5.10 per hour tip credit to bring Plaintiff's effective rate of pay, with tips included, up to the required minimum wage of $7.25.

27.     Plaintiff and Class Members were all paid a subminimum hourly rate of pay to work as servers. Defendants purported to rely on tips generated from customers to supplement Plaintiff and Class Members' subminimum hourly wage. *See* 29 U.S.C. § 203(m). Section 203(m) is known as the tip-credit and is an affirmative defense to the payment of minimum wage under Section 206 of the FLSA. *See Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) (citing *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir.

1979)) ("The burden of showing entitlement to the use of a tip credit lies with the employer.")

28.    However, Plaintiff and the Class Members have been victimized by Defendants' payment scheme that violates the FLSA and prevents Defendants from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage under Section 206.

29.    For instance, Defendants required Plaintiff and Class Members to contribute three percent (3%) of their gross sales to a tip pool at the end of each shift. However, after Plaintiff and Class Members' tips were pooled, only a portion of the Plaintiff and Class Members' pooled tips were distributed to food runner(s), hostess(es), and occasionally busser(s). Specifically, Defendants distributed only a portion of the tip pool in an amount that would compensate those receiving tips from the tip pool with an effective hourly rate of $10.00 per hour. Thereafter, Defendants retained the remaining balance of Plaintiff and Class Members' tips contributed to that tip pool.

30.    Defendants had a policy and practice of retaining a portion of the tip pool not distributed to other tipped employees. Defendants' pattern and practice of retaining monies from the tip pool is unlawful. *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1359 n.20 (M.D. Fla. 2016); *Dorsey v. TGT Consulting, LLC*, 888

F.Supp.2d 670, 681 (D. Md. 2012); *Whitehead v. Hidden Tavern, Inc.*, 765 F.Supp.2d 878, 882–83 (W.D. Tex. 2011); Davis v. B&S, Inc., 38 F.Supp.2d 707, 712, 714, 717 (N.D. Ind. 1998); *Brennan v. Haulover Shark & Tarpon Club*, Inc., No. 74–1276–Civ, 1986 WL 587, at *16 (S.D. Fla. Jan. 27, 1986) (unpublished)).

31.    Because Defendants took a portion of Plaintiff and Class Members' tips, Defendants failed to adhere to 29 U.S.C. § 203(m) and have thus violated the minimum wage as cited in 29 U.S.C. § 206. Defendants are disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

32.    Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was not based on good faith and a reasonable belief that its conduct complied with the FLSA under 29 U.S.C. § 260. Therefore, an award of liquidated damages is mandatory.

33.    Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

34.    During the three-year period prior to this suit, Defendants have employed other individuals who performed similar job duties under a similar payment scheme as was used to compensate Plaintiff.

## VI.    COLLECTIVE ACTION ALLEGATIONS

35.    The foregoing paragraphs are fully incorporated herein.

36.    Plaintiff brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current servers who worked for Defendants. The proposed collective of similarly situated workers ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All individuals who contributed any tips to a tip pool while working for The Ridge Great Steaks & Seafood during the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter.**

37.    FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

38.    Other employees have been victimized by Defendants' common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees at who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on other servers who worked for Defendants. Specifically, Plaintiff is aware of other servers who contributed tips to the same tip pool in which Defendants illegally retained a portion of the tips.

39.     Plaintiff and Class Members have the same pay structure, have the same job duties, were required to participate in the tip pool from which a portion of the tips were distributed to ineligible participants, and were required to perform non-tipped duties while being paid at the subminimum "tipped wage." Plaintiff and Class Members are all victims of Defendants' unlawful compensation scheme.

40.     Defendants operated their tip pool as part of a general policy or practice. Plaintiff and Class Members all contributed tips to Defendants' tainted tip pool that is at issue in this lawsuit.

41.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts.

### VII.   CAUSE OF ACTION: MINIMUM WAGE VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

42.     The foregoing paragraphs are fully incorporated herein.

43.     Defendants' failure to pay Plaintiff and Class Members at the full minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

44.     During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in

the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

45.    Defendants failed to pay Plaintiff and Class Members the full minimum wage according to the provisions of the FLSA for each and every hour and workweek that Plaintiff and Class Members worked for Defendants during the statutory time period, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

46.    At all times relevant, Defendants compensated Plaintiff and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiff, or Class Members.

47.    In addition, Defendants also violated Section 203(m) by retaining a portion of Plaintiff and Class Members' tips. *See* 29 U.S.C. § 203(m) ("[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."); *see also* 29 C.F.R. § 531.52 ("[t]he employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted

in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.")

## VIII. DAMAGES SOUGHT

48.    The foregoing paragraphs are fully incorporated herein.

49.    Plaintiff and Class Members are entitled to recover compensation for each and every hour worked at the federally mandated minimum wage rate.

50.    Plaintiff and Class Members are entitled to reimbursement of all misappropriated tips.

51.    Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages (including all of their misappropriated tips) as liquidated damages because Defendants' actions were not based on good faith. *See* 29 U.S.C. § 216(b).

52.    Plaintiff and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## IX. PRAYER

53.    Plaintiff and Class Members pray for entry of judgment against The Ridge and Campbell, jointly severally, as follows:

a)    For an order pursuant to Section 216 of the FLSA finding Defendants liable for unpaid wages (including misappropriated tips) due to Plaintiff (and those who may join in the suit), and for liquidated damages equal in amount to the unpaid minimum wages (including all misappropriated

tips) due to Plaintiff (and those who may join in the suit);

b)  For an order awarding Plaintiff (and those who may join in the suit) any pre-judgment interest that Plaintiff (and those who may join in the suit) may be entitled to by law;

c)  For an order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d)  For an order awarding Plaintiff (and those who may join in the suit) the costs incurred in this action; and

e)  For an order granting such other and further relief as this Court deems just and appropriate.

/s/ C. Andrew Head
C. Andrew Head
Georgia Bar No. 341472
HEAD LAW FIRM, LLC
1170 Howell Mill Road, NW Suite 305
Atlanta, Georgia 30318 (satellite office)
4422 N Ravenswood Ave
Chicago, IL 60640 (resident office)
Telephone: (404) 924-4151
Facsimile: (404) 796-7338
Email: ahead@headlawfirm.com

Drew N. Herrmann
(pro hac vice admission to be filed)
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
Telephone: (817) 479-9229
Fax: (817) 887-1878
Email: drew@herrmannlaw.com

ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS