**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| **IN RE:** | : |
|  | : |
| **CASES ASSIGNED TO** | : |
| **JUDGE RICHARD W. STORY** | : |
|  | : |

## STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to Judge Richard W. Story. The purpose of this Order is to inform the parties and their counsel of the Court's policies, procedures, and practices. It is issued to promote the just and efficient determination of the case. This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case.

| **SECTION** | **PAGE** |
|---|---|
| I. Case Administration | 3 |
| a. Contacting Chambers | 3 |
| b. Transcripts | 3 |
| c. *Pro Se* Litigants | 4 |
| d. Courtesy Copies | 6 |
| e. Proposed Orders | 7 |
| II. Case Management | 7 |
| a. Conferences | 7 |
| b. Discovery | 8 |
| i. Discovery Responses-Boilerplate and General Objections | 8 |
| ii. Discovery Timing | 9 |
| iii. Discovery Disputes | 9 |
| c. Consent Protective Confidentiality Orders and Filing Documents under Seal | 10 |
| d. Brief Nomenclature | 12 |
| e. Electronic Filing of Exhibits and Attachments | 12 |
| f. Motions for Temporary Restraining Orders and Preliminary Injunctions | 12 |
| g. Motions for Summary Judgment | 13 |
| i. Record References | 13 |
| ii. Statement of Material Facts and Response | 13 |
| h. Requests for Oral Argument on Motions | 14 |
| i. Proposed Findings of Fact and Conclusions of Law | 14 |
| j. Pretrial Order | 15 |
| k. Pretrial Conference, Motions *in Limine*, *Daubert* Motions | 16 |
| l. Courtroom Technology | 17 |

AO 72A
(Rev.8/82)

## I.     CASE ADMINISTRATION

### a.     <u>Contacting Chambers</u>

Stacey Kemp, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case.  Where possible, communications with Ms. Kemp should be by telephone.  Please note that Ms. Kemp is often in the courtroom, so telephone messages may not be returned for 24 hours.  The contact information for Ms. Kemp is as follows:

> Ms. Stacey Kemp
> Courtroom Deputy Clerk
> 2121United States Courthouse
> 75 Ted Turner Dr., SW
> Atlanta, GA 30303-3309
> (404) 215-1349
> Stacey_Kemp@gand.uscourts.gov

Neither the parties nor their counsel should discuss the merits of the case with Ms. Kemp or any of the Court's law clerks.

### b.     <u>Transcripts</u>

Communications regarding transcripts should be directed to the Official Court Reporter, Amanda Lohnaas, at Amanda_Lohnaas@gand.uscourts.gov or (404) 215-1546.  If any party desires daily copy or rough draft copy of a proceeding, that party must contact Ms. Lohnaas at least two weeks before the proceeding.

AO 72A
(Rev.8/82)

**c.**   ***Pro Se* Litigants**

Parties proceeding *pro se* (without an attorney) are advised that they must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR, NDGa"). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court ("Clerk's Office") located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located on the 23rd floor of the United States Courthouse.

Counsel and parties representing themselves are prohibited from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to telephone calls, written correspondence, or in-person contact by one party or party's counsel. If counsel or a *pro se* litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's Office, and serve the opposing party or party's counsel. See FED. R. CIV. P. 5; LR 5.1-5.2, NDGa; see also LR 7.4,

AO 72A
(Rev.8/82)

NDGa ("Communications to judges seeking a ruling or order, including an

extension of time, shall be by motion and not by letter.  A letter seeking such

action ordinarily will not be treated as a motion.").

      The Clerk of Court and the U.S. Marshals Service will not serve

documents filed by either party, unless expressly directed to do so by the Court.

The Court will only direct the Clerk or the U.S. Marshals Service to serve in

the following instances: (1) in the event a plaintiff is granted leave to proceed

*in forma pauperis* (without pre-payment of fees) and survives a frivolity

review, the Court will direct the Clerk to prepare (and deliver to the U.S.

Marshals Service if necessary) a service package containing the case initiating

document(s), or (2) in exceptional circumstances under the Court's discretion.

The National Association of Professional Process Servers provides a search

engine for locating process servers across the nation at its website

(www.napps.org).

      A *pro se* plaintiff is (1) to provide the Clerk with an original of any

further pleadings or other papers filed with the Court after the Complaint, and

(2) is further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the

defendant(s) by mail or by hand delivery under Rule 5 of the Federal Rules of

Civil Procedure, a copy of every additional pleading or other paper described in

5

Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendants or their counsel. The Court shall disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

*Pro se* parties are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.1(D)(3) provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[a] failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default."

**d.     Courtesy Copies**

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience. Courtesy copies are not required, except for emergency motions filed pursuant to Local Rule 7.2(B), and motions

6

for temporary restraining orders and/or preliminary injunctions. Courtesy copies of motions for summary judgment that have voluminous exhibits may be submitted to chambers. Courtesy copies of such emergency motions, motions for temporary restraining orders, and/or motions for preliminary injunctions should be hand-delivered to chambers in Room 2121 on the 21st floor of the Richard B. Russell Federal Building. Courtesy copies of motions for summary judgment that have voluminous exhibits may be either hand-delivered to chambers in Room 2121 or submitted via regular mail to the attention of the Courtroom Deputy Clerk at the address provided above.

    e.    **Proposed Orders**

For all consent, unopposed, or joint motions, the filing party shall include therewith a proposed order granting the motion.

## II.    CASE MANAGEMENT

    a.    **Conferences**

Scheduling, discovery, pretrial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference with the Court when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference. Conferences may be requested by contacting Ms. Kemp.

b. **Discovery**

i. **Discovery Responses–Boilerplate and General Objections**

Boilerplate objections in response to discovery requests are strictly prohibited. Parties should not carelessly invoke the usual litany of rote objections; i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited; i.e., a party shall not include in a response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery; e.g., attorney-client privilege, work-product immunity from discovery, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery response must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections shall

8

be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete; i.e., whether additional information or documents would have been provided but for the objection(s).  For example, in response to an interrogatory a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### ii.   Discovery Timing

All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period.  The Court typically will not compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended.

### iii.   Discovery Disputes

Prior to filing a discovery motion, the movant—after conferring with the respondent in a good faith effort to resolve the dispute by agreement—should contact Ms. Kemp and advise her that the movant seeks relief with respect to a discovery matter.  Ordinarily, Ms. Kemp will request that each side submit a

brief statement of the issues (no more than 3 pages).  The Court will either decide the matter based on the submissions, schedule a conference call with counsel, or authorize counsel to file a formal motion.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions.  Counsel should call Ms. Kemp to request that the Court hear the objections.

### c.   Consent Protective Confidentiality Orders and Filing Documents Under Seal

The Court disfavors the excessive use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential – For Attorney's Eyes Only."  While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used—and abused—more often than truly necessary.

As a guide to counsel, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3)

10

personal health information protected by the Health Insurance Portability and
Accountability Act.

If the parties find that a consent protective confidentiality order is
necessary, the following language should be included (and shall be deemed
included) therein:

> Any documents (including briefs), tangible things, or
> information designated as Confidential that are submitted
> to the Court in support of or in opposition to a motion or
> introduced at a hearing or during trial may retain their
> protected confidential status only by order of the Court in
> accordance with the procedures outlined in section II.c.
> of the Court's Standing Order Regarding Civil Litigation.

Those procedures are as follows.  For documents filed other than during
a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal
that lists the document(s) that counsel wants filed under seal and a proposed
order granting the motion.  The documents that counsel wishes to be sealed
should be *provisionally* filed on CM/ECF, per the directions set out in
*Procedures for Electronic Filing Under Seal in Civil Cases* on the Court's
website under "Electronic Case Filing Info."  (See also Appendix H to the
Local Rules.)  Counsel should not send paper copies of the documents to
chambers or to the Clerk's office.

For tangible things other than documents, the parties shall deliver the

11

items to Ms. Kemp in chambers along with a proposed order permitting the
tangible things to be filed under seal.

### d. Brief Nomenclature

Briefs should be titled and entered on CM/ECF as follows. The initial
brief of a movant should be titled "Brief in Support of [state the motion]." The
brief of the responding party should be titled "[name of respondent]'s Response
in Opposition to [state the motion]." The reply of the moving party should be
titled "Reply in Support of [state the motion]." Though surreplies should not
be filed in the normal course, if the Court authorizes a surreply, it should be
titled "[name of party filing the surreply]'s Surreply to [name of motion]."

### e. Electronic Filing of Exhibits and Attachments

The parties should make every effort to label all electronically uploaded
exhibits and attachments according to their content to assist the Court in
making its ruling. For example, the Court would prefer to have documents
uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C:
Jones Letter, rather than Ex. A., Ex. B, and Ex. C.

### f. Motions for Temporary Restraining Order or Preliminary Injunction

Any request for a temporary restraining order or for preliminary

AO 72A
(Rev.8/82)

injunctive relief must be made by separate motion.  A request for temporary restraining order or preliminary injunction found only in the complaint will not be considered.  After filing an appropriate motion, the movant must contact Ms. Kemp to request expedited consideration.

> **g.**    **Motions for Summary Judgment**
>
> > **i.**    **Record References**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. When filing a brief in support of or in opposition to a motion for summary judgment, the party shall simultaneously file the original transcript of each deposition referenced in the brief.  The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found. The party should also attach to the brief a copy of the specific pages of the deposition that are referenced in the brief.  The party should not attach to the brief a copy of the entire deposition transcript.

> > **ii.**    **Statement of Material Facts & Response**

In addition to following the form instructions set out in Local Rule 56.1(B), a party responding to a statement of material fact shall copy into its

response document the numbered statement to which it is responding and provide its response to that statement immediately following.  A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following.  Each party shall file its documents in text-searchable PDF format.

### h.   Requests for Oral Argument on Motions

In accordance with the Local Rules, motions are usually decided without oral argument, but the Court will consider any request for hearing.  Moreover, the Court shall grant a request for oral argument on a contested, substantive motion if the request states that a lawyer who is less than seven years out of law school will conduct the oral argument on at least one substantial issue in the case, it being the Court's belief that young lawyers need more opportunities for Court appearances than they usually receive.

### i.   Proposed Findings of Fact and Conclusions of Law

When counsel is required to submit proposed findings of fact and conclusions of law, see LR 16.4(B)(25), NDGa, in addition to electronically filing same, counsel should provide an electronic copy thereof in text-searchable PDF format to the law clerk assigned to the case.

14

j.     **Pretrial Order**

If a motion for summary judgment is pending, the proposed consolidated Pretrial Order ordinarily is required to be filed within thirty (30) days after the entry of an order ruling on the motion for summary judgment, unless a specific date is set.

Before proposing voir dire questions to the Court, as required in the Pretrial Order, the parties shall go to the district court's website at www.gand.uscourts.gov. On the home page, locate the Individual Judge Instructions tab and go to the link for Cases before Judge Story. Here the Court has provided Background Jury Questions that are asked of prospective jurors in all trials. The Court has also provided Qualifying Questions that will be asked by the Court in civil trials. Also, written Juror Questionnaires are routinely used in all trials, and the Court has provided the basic questions that will typically be included in the Juror Questionnaire. Counsel, in their voir dire requests, may request that additional questions be included in the Juror Questionnaire. Please do not duplicate the questions from any of these formats in your proposed voir dire.

The statement of contentions in the Pretrial Order governs the issues to be tried. In listing witnesses, or exhibits, a party may not reserve the right to

15

supplement their list nor may a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, unless it is necessary to allow it to be introduced to prevent a manifest injustice.

### k.   Pretrial Conference, Motions *in Limine*, *Daubert* Motions

The Court will conduct a pretrial conference.  The purpose of the conference is to simplify the issues to be tried and to rule on  motions *in limine* and *Daubert* motions.

The parties are required, seven (7) days before the pretrial conference, to identify in writing to the Court the specific witnesses they will call in their case-in-chief at trial.  This may be done by sending the list by email to Ms. Kemp.  The Court generally does not require the parties to bring with them to the pretrial conference the exhibits to which there are objections.  It is the Court's practice to consider the admissibility of exhibits during trial when the Court will have better context for ruling on the objections.  If counsel identifies an issue that would affect the admissibility of a number of related exhibits, such an issue may be addressed at the pretrial conference.

Motions *in limine* and *Daubert* motions must be filed at least fourteen (14) days before the pretrial conference.  Responses to the motions are due

seven (7) days before the pretrial conference.

### l.   **Courtroom Technology**

Our courtroom has various electronic equipment for use by counsel at trial.  For more information on the equipment or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk Ms. Kemp.  It is the parties' responsibility to make sure they know how to use the available equipment, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a blue attorney ID card issued through the U.S. Marshals Service who would like to bring into the courthouse electronic equipment, such as a laptop computer or cell phone with a camera, must submit to the Court a proposed order allowing the same.  The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought.  This should be done not less than three (3) business days prior to the hearing or trial to allow for proper notification to the U.S. Marshals Service.

AO 72A
(Rev.8/82)

**SO ORDERED**, this _____ day of March, 2017.

**RICHARD W. STORY**
United States District Judge

18

AO 72A
(Rev.8/82)