IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JEANNE WEINSTEIN, *individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)*<br><br>        Plaintiff,<br><br>        v.<br><br>440 CORP. *d/b/a/* THE RIDGE GREAT STEAKS & SEAFOOD *and* STEPHEN CAMPBELL,<br><br>        Defendants. | Civil Action No.<br><br>2:19-CV-105-RWS |

## ORDER

This case comes before the Court on each side's Motion to Compel Discovery [Plaintiff: Dkt. 70, Defendants: Dkt. 81]. After reviewing the record, the Court enters the following Order.

**I. Plaintiff's Motion [Dkt. 70]**

In her Motion, Plaintiff Jeanne Weinstein asks the Court to compel the Defendants to (1) produce documents responsive to her requests 25, 31, and 34, (2) provide a privilege log for documents withheld due to privilege from her requests 6, 7, and 38, and (3) respond fully to her interrogatories. These are addressed in turn below.

**A. Document Requests 25, 31, 34**

The requests at issue seek documents accounting for the hours worked by the tipped employees, the amounts of tips they received, and any other accounting concerning the tip pool itself. The most important of these documents, from Ms. Weinstein's perspective, are the Daily Cash Out records, which show how much each employee contributed to the tip pool per day.

The Defendants objected to all three requests on the same basis: after setting out boilerplate responses about the request being broad, vague, and burdensome, they argued that Ms. Weinstein was not entitled to such records for employees who were not parties to the case, but noted they produced some of the records for a small subset of time. The Defendants now reiterate that position, arguing that those records are irrelevant because damages are limited to the hours worked by the parties. They also argue that the request for Daily Cash Out records is duplicative of records they have already produced.

Ms. Weinstein argues that the records are not relevant only to the damages calculation, but instead will be used to determine if the tip pool itself was lawful under the FLSA.[1] The Court agrees. The central question of the case is whether the

---

[1] Ms. Weinstein also disagrees with the Defendants' argument about damage limitations. But the Court need not address that dispute here.

Defendants unlawfully redistributed tips. Ms. Weinstein argues persuasively that records that account for the hours worked by employees, the amounts contributed to the pool, and the amounts distributed therefrom all bear on the calculation needed to resolve that central dispute, regardless of whether the individuals are parties to the case. Moreover, records that show one aspect of that calculation (i.e., the Daily Cash Out reports) are not duplicative of records that show another (i.e., the parties' earnings).

Accordingly, Ms. Weinstein's Motion is **GRANTED**. The Defendants are **ORDERED to PRODUCE the documents responsive to Requests 25, 31, and 34 WITHIN 30 DAYS.**[2]

**B. Privilege Log for Requests 6, 7, and 38**

The next set of challenged requests seek, among other things, witness statements taken by the Defendants. Records of witness statements generally fall under the protections of attorney work product under Federal Rule 26(b)(3) and so need not be disclosed absent a showing of hardship. See, e.g., Gould v. Interface,

---

[2] In her Motion, Ms. Weinstein also raises the specter of evidence tampering by the Defendants. However, at this point, she does not move for sanctions, instead asking the Court only to order the Plaintiffs to preserve documents in accordance with the Rules. Because such an order would merely reiterate the Defendants' current and ongoing obligations, the Court declines to do so. Of course, the Defendants remain obligated to comply with the Rules. The Court cautions the Defendants that, if such tampering is later shown, sanctions may be appropriate.

Inc., 2020 WL 8182219, at *5 (N.D. Ga. Dec. 7, 2020) (citing Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994)) ("The Supreme Court has made clear that an attorney's notes and memoranda of a witness's oral statements is considered to be opinion work product.").

But the Rule also requires that the withholding party "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Most commonly, parties do so by providing a privilege log. The Defendants have not produced any such log here, arguing that such a log is unnecessary.

The Court disagrees. The Defendants contend they need not produce a "general" log comprising every document without Ms. Weinstein having made a specific request. But such a position is belied by the Rule's requirements, and Ms. Weinstein's requests are sufficiently specific to trigger those protections, even if some of the requests seek documents that undoubtedly fall under the privilege.

Accordingly, Ms. Weinstein's Motion is **GRANTED**. The Defendants are **ORDERED** to **PRODUCE** a log that complies with Rule 26(b)(5) **WITHIN 30 DAYS** for any response that withholds documents based on privilege or work product protection, as required by the Rules. The Defendants must do so for all

applicable responses, not just the ones seeking witness statements listed above. Of course, any responsive non-protected documents must be produced.[3]

### C. Interrogatories

Ms. Weinstein first argues that the Defendants' response to her interrogatories fails to abide by the requirements outlined in this Court's Standing Order. [Dkt. 87].[4] The Court's Standing Order prohibits the use of general objections, boilerplate objections, and responses made "subject to" objections that do not indicate what, if any, information was withheld subject to the objection—all of which are features of the Defendants' Responses.

Accordingly, Ms. Weinstein's Motion is **GRANTED**. The Defendants are **ORDERED** to **AMEND** their Responses to the Interrogatories so to comply with the Standing Order **WITHIN 30 DAYS**.

## II. <u>Defendants' Motion</u> [Dkt. 81]

In their Motion, the Defendants ask the Court to compel production of two categories of documents: (1) records of communications between the lead and opt-

---

[3] To the extent that Ms. Weinstein seeks records of her own statements or statements of an opt-in plaintiff under Rule 26(b)(3)(C), the Court thinks it is better to wait until the Defendants have an opportunity to produce the documents or the log.

[4] It appears that, due to a clerical error, the Standing Order was not originally published to the docket in this case. It has now been published.

in Plaintiffs, and (2) the Plaintiffs' tax returns. They also ask the Court to allow them to notice depositions of several of the opt-in plaintiffs. Finally, they ask the Court to award attorney's fees expended in preparing for depositions where some of the opt-in plaintiffs either left or failed to appear. These are addressed below.

### A. Request 2 – Records of Plaintiff Communications

The first request addressed in Defendants' Motion seeks any records of communications between the lead Plaintiff, Ms. Weinstein, and any of the opt-in Plaintiffs. The Plaintiffs argue that such a request is overly broad and seeks documents protected by the common interest privilege.

The Court agrees that, as currently stated, the request is overbroad. The Defendants requested that the Plaintiffs:

> Produce all documents concerning any communications between Plaintiff Weinstein and all potential and current opt-in Plaintiffs, relating to this action, the underlying events concerning your claims against Defendant, or any aspect of your employment with Defendant, including but not limited to email messages and text messages.

But not all the communications between the Plaintiffs are relevant. Only those that concern "the underlying events" are. As such, only that portion of the request survives the Plaintiffs' first objection.

The Plaintiffs next object to the production based on what they call the "common interest privilege." But this is a misnomer. The common interest doctrine

6

is not a freestanding privilege, but instead an exception to the waiver of otherwise privileged or protected information. See Jones v. Tauber & Balser, P.C., 503 B.R. 510, 517 (N.D. Ga. 2013) (citing McKesson Corp. v. Green, 597 S.E.2d 447, 452 (Ga. Ct. App. 2004)) ("The common interest privilege is an exception to the general rule that disclosure of documents protected by the work product doctrine or attorney client privilege constitutes a waiver of the protection.").

Here, the Plaintiffs have made no effort to indicate which, if any, of these communications would be protected either by attorney-client privilege or as attorney work product. Given the Court's ruling above, if they wish to do so, they must specifically identify those communications and produce a privilege log that explains what information is being withheld.

Accordingly, the Defendants' Motion is **GRANTED in part** and **DENIED in part** insofar as it seeks to compel the production of records of communication between the Plaintiffs. It is **GRANTED** as to communications "relating to . . . the underlying events concerning your claims against Defendant." The Plaintiffs are **ORDERED** to **PRODUCE** documents responsive to that part of the request (or a log explaining what records are privileged) **WITHIN 30 DAYS**. But the Motion is **DENIED** as to the communications "relating to this action . . . or any aspect of your employment with Defendant."

**B. Request 3 – Tax Returns**

The Defendants request that the Plaintiffs produce tax returns pursuant to its request for documents that show the Plaintiffs' earnings. The Plaintiffs counter that their tax returns are irrelevant to the issues in the case, that the earnings information can be obtained by the Defendants via its own records, and that compelling the production of the tax returns would infringe on their privacy.

The Court agrees. The Defendants have not established how the tax returns would provide relevant information not available to Defendants from other sources. That distinguishes this case from Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997) ("tax records would reveal income information not contained in W–2 forms and that the information would be protected by the Protective Order entered into by the parties."), which the Eleventh Circuit relied on when explaining that "arguably relevant" tax information was discoverable. See Erenstein v. S.E.C., 316 F. App'x 865, 870 (11th Cir. 2008). If the only relevant information in the returns is duplicative, then the discovery of those records would not be proportional to the needs of the case under Rule 26.

Accordingly, the Defendants' Motion is **DENIED** insofar as it seeks to compel production of the tax returns.

### C. Additional Depositions

The Defendants contend that they are entitled to depose the remaining opt-in Plaintiffs. However, as the Plaintiffs note, discovery has now ended. The Defendants have not shown why the depositions could not have been completed during discovery. As such, the Court does not think that the Defendants' request to depose all the opt-in Plaintiffs is warranted. However, the Defendants did attempt to depose two opt-in Plaintiffs within the discovery period, and those Plaintiffs failed to fully participate. Because those particular Plaintiffs have been dismissed, it would not be appropriate to depose them specifically. But fairness dictates that the Defendants should have the opportunity to depose two other opt-in Plaintiffs so to obtain the discovery that it sought within the period.

Accordingly, with respect to additional depositions, the Defendants' Motion is **GRANTED in part** and **DENIED in part**. The Defendants shall be entitled to take the depositions of two additional opt-in Plaintiffs. The Defendants are **DIRECTED** to **IDENTIFY** the individuals to be deposed **WITHIN 14 DAYS** and then **NOTICE** and **CONDUCT** the deposition **WITHIN 30 DAYS** thereafter.

### D. Attorney's Fees

Finally, the Defendants seek attorney's fees for the costs associated with the incomplete depositions. Of the two former opt-in Plaintiffs—both of whom have

now been dismissed—both appeared for their original depositions but terminated them prematurely. The Defendants re-noticed one but not the other. The re-noticed Plaintiff failed to appear at her rescheduled deposition.

Under Rule 37(d)(1)(A)(i), the Court may order sanctions when a party fails to appear for a deposition. Here, however, both parties at issue have already been dismissed from the case. For the same reason explained above, to the extent that sanctions might have been warranted for the incomplete depositions, the dismissals preclude the need for further merits sanctions.

However, under Rule 37(d)(3), "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added). Here, the former Plaintiff Lehan failed to appear for her second deposition after the first one was rescheduled. Thus, the Defendants are entitled to expenses associated with the second deposition only—but not for the incomplete ones.

Accordingly, their Motion for attorney's fees is **GRANTED in part** and **DENIED in part**. Of course, the party seeking attorney's fees has the burden to establish those fees. See Absolute Activist Value Master Fund Ltd. v. Devine, 826 F. App'x 876, 879 (11th Cir. 2020). The Defendants are therefore **DIRECTED** to

**FILE** a request for reasonable expenses attributed to the second deposition **WITHIN 14 DAYS** if they still seek to recover those expenses. The Plaintiffs will then have **7 DAYS** to file objections.

## CONCLUSION

For the foregoing reasons, Ms. Weinstein's Motion [Dkt. 70] is **GRANTED**, and the Defendants' Motion to Compel [Dkt. 81] is **GRANTED in part** and **DENIED in part**. The parties' obligations are outlined in the Order above.

**SO ORDERED** this 11th day of March, 2021.

_____
**RICHARD W. STORY**
United States District Judge